UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CURTIS JASON ELY | ) | |
| | ) | |
|    *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-261 |
| | ) | *Chief Judge Curtis L. Collier* |
| OFFICER GARY SMITH; OFFICER WILSON; | ) | |
| and OFFICER BOLIN; Each Party Is Sued In | ) | |
| His Official And Individual Capacities; | ) | |
| | ) | |
|    *Defendants.* | ) | |

## **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Court File No. 2). Seeking monetary relief, plaintiff Curtis Jason Ely ("Ely"), an inmate at the South Central Correctional Facility (SCCF) in Clifton, Tennessee who was formerly incarcerated at Southeastern Tennessee State Regional Correction Facility ("STSRCF") in Pikeville, Tennessee, brings this *pro se* civil rights action against three defendants–correctional officers at STSRCF. Ely contends Officer Gary Smith ("Smith") assaulted him on October 26, 2006, when he slammed a steel security door on him resulting in injuries to his nose an shoulder (Court File No. 2, p. 2). Ely filed a grievance and was subsequently harassed and intimidated by Officer Smith's friends, Officer Bolin and Officer Wilson, to the extent that he became suicidal due to the mental abuse. In addition to bringing claims under the Eighth, Fifth, and Fourteenth Amendments to the United States Constitution, Ely brings state law claims for assault.

**I.    Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Ely that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Ely is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Ely is an inmate or

prisoner in custody at SCCF, he will be **ASSESSED** and **SHALL** pay the full civil filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Ely's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

>  (a)   twenty percent (20%) of the average monthly deposits to Ely's inmate trust account; or

>  (b)   twenty percent (20%) of the average monthly balance in Ely's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Ely's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Inmate Trust Fund Accounts at SCCF, the Commissioner of the Tennessee Department of Corrections, and the Attorney General for the State of Tennessee to ensure the custodian of Ely's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Ely's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff is **ORDERED** to notify this Court and defendants or defendants' attorney of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. Service of Complaint

The Clerk is **DIRECTED** to send the plaintiff service packets (a blank summons and USM 285 form) for each defendant named in this action. The plaintiff is **ORDERED** to complete the service packet and return it to the District Court Clerk, Room 309, Chattanooga, TN 37402, within **twenty (20) days** of the date of receipt of this order. The summonses will then be signed and sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. Ely is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within **thirty (30) days** from the date of service.

Ely is **ORDERED** to inform the Court, and the defendants or defendants' counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

ENTER:

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**