UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CURTIS JASON ELY, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-261 |
| | ) | *Chief Judge Curtis L. Collier* |
| OFFICER GARY SMITH; OFFICER JASON | ) | |
| WILSON; and OFFICER BOLIN; Each Party | ) | |
| Is Sued In His Official And Individual | ) | |
| Capacities; | ) | |
| | ) | |
|     *Defendants*. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Curtis Jason Ely ("Ely" or "Plaintiff") filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. This matter is presently before the Court on Plaintiff's response to the Court's Show Cause Order. Plaintiff asserts he has attempted to serve Defendant Officer Gary Smith ("Officer Smith" or "Defendant"), the only remaining defendant in this case, on two occasions. Because Officer Smith is no longer employed at Southeastern Tennessee State Regional Correctional Facility ("STSRCF") and Plaintiff is unable to obtain his current address, Officer Smith has not been properly served.

Initially, the United States Marshals Service ("USMS") sent the summons and complaint to Officer Smith at STSRCF (Court File No. 7). Although it was returned executed, Defendant was not actually served, as he apparently is no longer employed at STSRCF (Court Entry 02/06/2008). The USMS sent Plaintiff a letter telling him once he reissued a Form 285 with the attached court documents, the USMS would personally serve Officer Smith. Plaintiff completed another USM 285 and Summons on Officer Smith and it was sent to the US Marshal for service on March 5, 2008. Although the USMS has not filed a return, the Clerk informed the Court that the USMS said they

were unable to effect personal service on Officer Smith at STSRCF. This is not surprising, since the USMS was previously notified Officer Smith is no longer employed at STSRCF. The Court is unaware of any efforts made by the USMS to obtain a forwarding or current address for Officer Smith from STSRCF.

Consequently, although Plaintiff has attempted service on Defendant on two occasions, neither attempt to serve Officer Smith was completed. The USMS needs a current address for Officer Smith; an address that Plaintiff does not possess but one that the USMS should be able to obtain from the Warden of STSRCF.

While a defect in service may result in the dismissal of an improperly served person, a court has broad remedial power to correct service, *see generally Haly v. Simmons,* 529 F.2d 78, 79 (8th Cir. 1976), especially where justice demands and prejudice would not result to the party who was not properly served. Likewise, since an indigent plaintiff proceeding *in forma pauperis* is entitled to service of process by officers of the court pursuant to 28 U.S.C. § 1915(d), *i.e.*, the USMS, 28 U.S.C. § 566(c); Fed. R. Civ. P. 4(c)(2), a court has broad remedial power to ensure proper service is accomplished once an *in forma pauperis* prisoner plaintiff has taken reasonable steps to identify the defendants named in the complaint. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

The Sixth Circuit has joined the Seventh and Ninth Circuits in holding that "when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Id*. Plaintiff provided the USMS with information necessary to identify Officer Smith. The USMS should have been able to ascertain Officer Smith's current

address when they attempted personal service. Since Plaintiff, who is a prisoner, may rely on the USMS to serve process, the USMS's failure to complete service is "good cause" to extend the time for service under Rule 4(m). *Sellers v. United States*, 902 F.2d 598 (7th Cir. 1990).

There is no evidence any effort was made to ascertain Officer's Smith current address or new location so that the Marshals could complete service. It would be virtually impossible for Plaintiff to obtain Officer Smith's current address since prison guards typically do not want prisoners to have their home addresses, and it is often very difficult, if not impossible, for prisoners to learn the current address of such employees. The use of Marshals to obtain Defendant's current address and effect service alleviates two concerns: (1) the security risks inherent in providing the addresses of prison employees to prisoners; and (2) the reality that prisoners often get the "runaround" when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case. *See Sellars,* 902 F.2d at 602.

It appears that the USMS should be able to obtain Officer Smith's current address with reasonable efforts. Therefore the Warden of STSRCF is hereby **ORDERED** to provide the USMS with Officer Smith's current address. A Deputy United States Marshal **SHALL** contact the Warden of STSRCF and obtain Officer Smith's current address and thereafter, attempt to personally serve the summons and complaint upon Officer Smith and make whatever return is appropriate.

In addition, the Clerk is **DIRECTED** to send the Warden of STSRCF a copy of the complaint and this Order. Out of an abundance of caution and in an effort to prevent unnecessary delay, the Warden of STSRCF **SHALL** verify the name of the Officer (Officer Gary Smith)

3

involved in the incident that is the subject of this lawsuit.[1] The Warden **SHALL** file such verification with the Court **within ten days** from the date of this Memorandum and Order.

The Clerk is **DIRECTED** to send Plaintiff a service packet. Plaintiff is **ORDERED** to complete the service packet and return it to the District Court Clerk, Room 309, Chattanooga, TN 37402, **within twenty days** from the date of this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action. The summons will be signed and sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. The USMS **SHALL** effect service **within twenty days** from the date the Court Clerk forwards the summons to the USMS.

Defendant Officer Gary Smith **SHALL** answer or otherwise respond to the complaint within **twenty (20) days** from the date of service.

Ely is **ORDERED** to inform the Court and the defendant or defendant's counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action. In addition, Ely is reminded that he must cooperate with the USMS and take all necessary steps to ensure Officer Smith is served.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] In response to Ely's grievance about this incident, an official at STSRCF responded "In response to Grievance #00185372 Officer Smith is no longer assigned to the S.T.G. unit." Prison documents, however, do not identify Officer Smith's first name.