UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CURTIS JASON ELY, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | No. 1:07-cv-261 |
| ) | *Chief Judge Curtis L. Collier* |
| OFFICER GARY SMITH; ) | |
| Sued In His Individual Capacity; ) | |
| ) | |
| *Defendant.* ) | |

## MEMORANDUM AND ORDER

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. §1983 by Plaintiff Curtis Jason Ely ("Plaintiff" or "Ely"). The following motions filed by Ely are pending before the Court: (1) motion for subpoenas (Court File No. 74); motion to subpoena Gerald Brummett (Court File No. 78); motion for inquiry (Court File No. 79); motion for translation of medical records (Court File No. 81); motion for appointment of counsel (Court File No. 82); and motion for postponement of the trial date (Court File No. 84).

In his first motion, Plaintiff requests that certain prisoner witnesses be subpoenaed to testify at trial (Court File No. 74). In addition, he is requesting a subpoena duces tecum to obtain the previously Court-approved discovery of all the investigation records pertaining to this alleged incident from the Internal Affairs Department of Southeastern Tennessee State Regional Correctional Facility ("STSRCF"). It appears he is also requesting a subpoena duces tecum for the Keeper of Records of the Internal Affairs office at STSRCF to testify about the investigation of this alleged assault at the trial of this matter.

Contrary to Plaintiff's claim, the Court has not previously approved most of the subpoenas he requests. The Court did, however, previously approve and issue subpoenas duces tecum for Inmate Samuel Queer and Lt. Roy Hixson to appear at trial but the trial date has since been

cancelled.[1]  In addition, the Court previously directed the Clerk to send a subpoena duces tecum to Plaintiff to request discovery of all investigative records of this matter.  Plaintiff, however, submitted a virtually illegible subpoena duces tecum, thus, the Court will have the Clerk prepare that subpoena.

For the reasons explained below the motion will be **GRANTED IN PART and DENIED IN PART** (Court File No. 74).  First, Ely requests to have the following five prisoners subpoenaed to testify on his behalf at the trial of this matter: Joseph Banner, Jodi Ore, Gary Freeman, Randy Roy, and Samuel Queer.  The only prisoners Ely claims personally observed the alleged incident are Samuel Queer and Joseph Banner.  Accordingly, the motion is **GRANTED** to the extent it requests to have Prisoners Samuel Queer and Joseph Banner subpoenaed for trial (Court File No. 74).  The Clerk is **DIRECTED** to calendar the issuance of a subpoena for Samuel Queer and Joseph Banner four weeks prior to the new trial date.[2]

As to the other three named prisoners, Ely contends they can testify as to their observation of the sexual misconduct expressed verbally by Officer Smith to Ely within a month prior to this incident and about the verbal abuse they heard directed at Ely by Officer Smith.  Rule 404 of the Federal Rules of Evidence prohibits "[e]vidence of a person's character or a trait of character . . . for the purpose of proving action in conformity therewith on a particular occasion," except under certain limited circumstances.  Rule 404(a) of the Federal Rules of Evidence.  Rule 404(b) of the Federal Rules of Evidence does permit evidence of other crimes, wrongs, or acts, however, "for

---

[1] Although Plaintiff has been advised more than once, that he must mail the required fees to the Clerk, along with the subpoenas, he has failed to mail the fees for Lt. Roy Hixson.  Thus, once again, Plaintiff is advised that the non-prisoner, nonparty witnesses are not obligated to obey the subpoena unless it is accompanied by the first day's attendance fee of $40.00 per day and travel expense of $ .55 per mile.  28 U.S.C. § 1821; Fed.R.Civ.P. 45(b).

[2] The Clerk is also **DIRECTED** to calendar the issuance of a subpoena for Lt. Hixson four weeks prior to the new trial date.

other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Although it appears that this testimony might be admissible under certain circumstances, such is not the case here. None of the elements listed in Rule 404(b) are at issue in this case as Officer Smith contends the alleged incident never happened. Accordingly, to the extent the motion requests a subpoena to issue for Prisoner Jodi Orr, Gary Freeman, and Randy Ray to testify about other acts or wrongs of Officer Smith the motion is **DENIED** (Court File No. 74).

Second, it appears that Ely is requesting a subpoena to obtain certain discovery which the Court previously order he would be permitted to obtain, i.e., all the records pertaining to the investigation of this alleged incident. Accordingly, the Clerk is **DIRECTED** to prepare and issue a subpoena duces tecum to the Custodian of Records of the Internal Affairs Department at STSRCF.[3] The subpoena **SHALL** direct the Custodian of Records of Internal Affairs to furnish Plaintiff with all records pertaining to the investigation of this October 26, 2006, incident, including but not limited to all pictures; tape-recorded, handwritten, and typed statements made by witnesses; grievances; documents evidencing the investigation and resolution of this matter; and the medical sign-up roster for October 26, 2006.[4]

The Clerk is further **DIRECTED** to forward the subpoena to the United States Marshal Service ("USMS"). The USMS is **DIRECTED** to undertake service upon the Custodian of Records at the Internal Affairs Office at STSRCF to produce all pertinent records to Plaintiff. If Plaintiff

---

[3] The Court observes that Defendant claims Sargent Pugh, with Internal Affairs, was in charge of the investigation into the alleged assault, and Plaintiff indicates Lt. Roy Hixson was in charge of the investigation. However, the Court has been informed that neither person presently works at STSRCF.

[4] For security reasons, the Court will not permit the discovery of the floor plan of the portion of the institution where the alleged incident occurred.

3

determines he wishes to subpoena the Custodian of Records or one of the investigating officers to appear in Court to testify, he may a file a motion, along with the required witness fees, requesting to subpoena such person (Court File No. 74).

Plaintiff's next motion requests permission to subpoena Gerald Brummett, an eyewitness to the alleged assault, for trial (Court File No. 78). The motion is **GRANTED** and the Clerk is **DIRECTED** to calendar the issuance of a subpoena for Gerald Brummett four weeks prior to the new trial date (Court File No. 78).

Once again, Plaintiff is advised that the non-prisoner, nonparty witnesses are not obligated to obey the subpoena to appear at trial and testify unless it is accompanied by the first day's attendance fee of $40.00 per day and travel expense of $ .55 per mile. 28 U.S.C. § 1821; Fed.R.Civ.P. 45(b).

Plaintiff's next document is entitled "Inquiry of Defense Counsel of Authenticated Records" (Court File No. 79). The Clerk's office filed this document as a motion. In this document, Plaintiff requests that defense counsel agree to authenticate certain records. These type of communications should be made between Plaintiff and defense counsel without involvement of the Court. Therefore, Plaintiff should write to defense counsel to make this inquiry. Accordingly, to the extent the document is a motion, it is **DENIED** (Court File No. 79).

In his next motion, Plaintiff requests the Court to require STSRCF medical personnel to translate his medical records, specifically the pages he attached to the motion (Court File No. 81). Portions of these pages are illegible and the abbreviations and presumed medical terms are difficult to decipher. Accordingly, the motion is **GRANTED** (Court File No. 81). Medical personnel at STSRCF **SHALL** submit a typewritten legible copy of these records to Plaintiff within **thirty (30) days** of the date of this Order. In the typewritten copy, STSRCF medical personnel **SHALL** explain

4

the abbreviations. The Clerk is **DIRECTED** to send a copy of this Order along with a copy of Plaintiff's medical records, which are attached to the motion, to the medical department at STSRCF so that they may decipher and type the medical notes and submit the typewritten notes to Plaintiff.

Plaintiff has again filed a motion to appoint counsel claiming, among other things, that institutional policy prevents him from preforming legal research and filing legal pleadings (Court File No. 82). Plaintiff is obviously mistaken as his case presently consists of 84 filings, most of which appear to have been filed by him. Nevertheless, Plaintiff has not met the requirements to have counsel appointed. As explained in the Court's previous Order (Court File No. 15), a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of exceptional circumstances. *Id.* at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. *Id.* at 606. The issue of whether Plaintiff was subjected to the allegedly unjustified infliction of bodily harm by Officer Smith is not complex and there is nothing before the Court reflecting Ely lacks the ability to represent himself. Accordingly, Plaintiff is **DENIED** the appointment of counsel (Court File No. 82).

In his last motion, Plaintiff requests to postpone the January 11, 2010 trial date (Court File No. 84). Plaintiff contends that he has some unidentified mental health issue. Nevertheless, the Court previously cancelled the January 11, 2010 trial date; thus, the motion is **DENIED as MOOT** (Court File No. 84).

Finally, the case is set for a **JURY TRIAL** on **Monday, May 24, 2010 at 9:00 a.m.** at the United States District Courthouse, 900 Georgia Avenue, 3rd Floor, Chattanooga, Tennessee.

There is one other matter that needs to be addressed. Although defense counsel should be receiving notice of Plaintiff's filings from the Court's CM/ECF filing system, it does not appear that Plaintiff has properly been serving defense counsel with copies of his motions. As previously warned, Plaintiff is reminded that he shall serve upon defense counsel a copy of every pleading, motion, memorandum, or other paper submitted for consideration by the Court, and shall include on the original document filed with the Clerk of Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service, or they will be disregarded by the Court.

If, at any time, Plaintiff's address changes, Plaintiff must notify the Court within ten (10) days of his/her new mailing address. Failure to do so will result in the dismissal of Plaintiff's case.

SO ORDERED.

ENTER:

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**