UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CURTIS JASON ELY,                          )
                                           )
          *Plaintiff*,                     )
                                           )
v.                                         )          No. 1:07-cv-261
                                           )          *Chief Judge Curtis L. Collier*
OFFICER GARY SMITH;  Sued In His           )
Individual Capacity;                       )
                                           )
          *Defendants*.                    )

## MEMORANDUM AND ORDER

Plaintiff Curtis Jason Ely ("Plaintiff") filed a *pro se* prisoner civil rights complaint pursuant

to 42 U.S.C. § 1983.  The trial of this matter is currently scheduled to commence on June 14, 2010.

This matter is presently before the Court on Plaintiff's notification that he has not received some of

the Court-Ordered discovery (Court File Nos. 107, 108).  First, Plaintiff asserts he has not received

the October 26, 2006, Unit-2 Medical Sign-up sheet from Southeastern Tennessee State Regional

Correctional Facility ("STSRCF") (Court File No. 107).  Warden Jim Morrow, Warden of STSRCF

is **ORDERED** to send Plaintiff a copy of the October 26, 2006, Unit-2 Medical Sign-up

sheet—redacting all information, except the information demonstrating Plaintiff signed-up for

medical care on that date—within **fifteen (15) days** from the date of this Order.  The Clerk is

**DIRECTED** to fax and mail a copy of this Order to Warden Jim Morrow, Warden of STSRCF.[1]

Second, Plaintiff claims, pursuant to the Court's previous Order, STSRCF Internal Affairs

sent an audio cassette to him at Hardeman County Correctional Facility ("HCCF") (where he is

presently housed).  Presumably, the cassette pertains to the investigation of the alleged assault which

---

[1] Warden Jim Morrow, 1045 Horsehead Road, Pikeville, TN 37367, (423) 881-3251.

is the subject of this lawsuit. Plaintiff contends HCCF prison authorities notified him he will not be given the tape or a tape player without a Court Order.

Although the Court will not interfere with the orderly administration of the prison or compromise prison security, *see Pell v. Procunier*, 417 U.S. 817, 823 (1974) (recognizing courts must look at legitimate penal objectives when assessing challenges to prison regulations based on asserted constitutional rights of prisoners), the Court will order HCCF prison authorities to make arrangements to permit Plaintiff to listen to the audio tape. Plaintiff, who is proceeding *pro se*, has a right to prepare for his upcoming trial. *Lewis v. Casey,* 518 U.S. 343, 355 (1996) ("The tools [*Bounds v. Smith*], 430 U.S. 817 (1977)] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."); *Bounds v. Smith*, 430 U.S. 817, 828 (1977)(fundamental constitutional right of access to the courts requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing materials and adequate law libraries or assistance from persons trained in the law). Accordingly, Warden Joe Easterling, Warden of HCCF is hereby **ORDERED** to make arrangements to permit Plaintiff to listen to the audio tape and to have the audio tape delivered to the Court when transporting Plaintiff to trial. The Clerk is **DIRECTED** to fax and mail Warden Joe Easterling of HCCF a copy of this Order.[2]

In his second notice, Plaintiff asserts he has not received the affidavits from either HCCF or STSRCF Custodian of Medical Records certifying the authenticity of his medical records (Court File No. 108). Subpoenas were previously Ordered for the Custodian of Medical Records at these two

---

[2] Warden Joe Easterling, 2520 Union Spring Road, Whiteville, Tennessee 38075, (731) 254-6000.

institutions requiring them to submit Plaintiff's medical records with affidavits certifying the authenticity of the medical records to the Court (Court File No. 99). They were not ordered to send the affidavits to the Plaintiff.

Nevertheless, a review of the Court's CM/ECF docket sheet reflects the subpoenas for these two custodians were issued and sent to the United States Marshal Service on April 6, 2010. The CM/ECF docket sheet does not reflect that either subpoena has been served and returned executed. Accordingly, the Marshal Service is **ORDERED** to serve and return, executed, the subpoenas which were issued (on April 6, 2010) for the HCCF Custodian of Medical Records and STSRCF Custodian of Medical Records within **ten (10) days** from the date of this Order. The Clerk is **DIRECTED** to fax and mail a copy of this Order to the Marshal Service.

SO ORDERED.

ENTER:


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**